IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO PERKINS,<br><br>               Petitioner,<br><br>v.<br><br>IDOC, KWAME RAOUL, LATOYA HUGHES, and RICHARD STEMPINSKI<br><br>               Respondents. | Case No. 25-CV-00011-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Antonio Perkins is an inmate currently incarcerated at the Jacksonville Correctional Center in Jacksonville, Illinois. Before the Court is an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 12). Perkins argues that he was unlawfully sentenced consecutively for two crimes that were part of the same physical act in violation of the "one crime-one act rule." (Doc. 1, p. 5). This Petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Furthermore, "a prisoner seeking a writ of habeas corpus must exhaust his

state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (S.D. Ill. April 15, 2016) (citing *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)). A state petitioner can challenge his confinement under § 2254 only after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner indicates that his direct appeal was denied by the Illinois Appellate Courts and that the Illinois Supreme Court declined to hear his case. (Doc. 12, pp. 5–6). The docket sheet for *State of Illinois v. Perkins*, No. 18-CF-3607 (Ill. Cir. Ct. 2019), corroborates that Perkins filed an appeal in the Illinois Appellate Courts, which was denied. However, because of the lack of docket information available from the Illinois Appellate Courts, it is unclear whether he has exhausted his state court remedies by appealing to the Illinois Supreme Court. This Court holds that the possibility of exhaustion is sufficient to require the State of Illinois to respond to Perkins's Petition to provide additional details.

Therefore, without commenting on the merits of his claims, the Court concludes that Perkins's Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Perkins is not entitled to habeas relief.

The Court also notes that Perkins has named IDOC, Director of IDOC Latoya Hughes, and Illinois Attorney General Kwame Raoul as Defendants. The Clerk of Court is **DIRECTED** to dismiss IDOC, Kwame Raoul, and Latoya Hughes as Defendants. *See* Federal Rule of Civil Procedure 25(d); *Bridges v. Chambers*, 425 F.3d 1048, 1049–50 (7th Cir. 2005) (the proper respondent in a 2254 petition is the prisoner's current custodian); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

**IT IS HEREBY ORDERED** that Respondent Richard Stempinski shall answer or otherwise plead on or before April 11, 2025. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Perkins is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  March 12, 2025

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge