IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO PERKINS,

        Petitioner,

v.

RICHARD STEMPINSKI,

        Respondent.

Case No. 25-CV-00011-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 brought by Petitioner Antonio Perkins, an inmate housed at Jacksonville Correctional Center. (Doc. 12). In his Petition, Perkins argues that his state sentence violated the one-act, one-crime rule. (*See id.*). For the following reasons set forth, the Petition is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

In November 2018, Perkins pleaded guilty to unlawful possession of a weapon by a felon and armed habitual criminal. (Doc. 25, Ex. G, ¶ 5). In exchange, the State dismissed an aggravated battery with a firearm charge as well as charges in an unrelated case. (*Id.*). The trial court sentenced him to two consecutive 10-year terms of imprisonment. (*Id.*). Perkins filed a motion to reduce his sentence and a motion for relief from judgment which the trial court recharacterized as a motion to withdraw his guilty plea. (*Id.*, Ex. C, ¶ 3). The trial court denied the motions and the denial of his motion to withdraw his guilty plea was vacated on appeal because the trial court

had not appointed counsel for petitioner. (*Id.* ¶¶ 3–5). On remand, petitioner filed a *pro se* affidavit, a pro se letter, and a counseled amended motion to withdraw his plea. (*Id.*, Ex. G ¶¶ 11–13). His *pro se* letter argued that Illinois's one-act, one-crime doctrine required the court to vacate his conviction for unlawful possession of a weapon by a felon. (*Id.* ¶ 13). The trial court denied his motion to withdraw his guilty plea and made no mention of the one-act, one-crime argument raised in the *pro se* letter. (*Id.* ¶ 14).

Perkins filed a direct appeal, which was denied by the Illinois Appellate Court, ruling that Perkins could not unilaterally modify the terms of his negotiated guilty plea. (*Id.*, Ex. D, ¶ 22). Cooper then filed leave to appeal to the Illinois Supreme Court, which was also denied, agreeing with the appellate court's reasoning. (*See id.*, Ex. H, pp. 4–5). Cooper also filed a petition for postconviction relief in the trial court while his direct appeal was pending, arguing that his convictions violated the one-act, one-crime rule and his counsel was ineffective for failing to raise the one-act, one-crime issue in his motion to withdraw his guilty plea. (*See id.*, Ex. I, pp. 2–5). The trial court dismissed his petition, his appeal of that judgment is pending, see. (*See id.*, Exs. J, K). Perkins timely filed the instant Amended Petition pursuant to 28 U.S.C. § 2254 on March 11, 2025. (Doc. 12). Respondent Stempinski filed a Response on April 30, 2025. (*See* Doc. 24). Perkins filed a Reply on May 21, 2025. (*See* Doc. 26).

### APPLICABLE LEGAL STANDARDS

This Petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [hereinafter AEDPA].

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Habeas is *not* merely another round of appellate review. Instead, 28 U.S.C. § 2254(d) restricts habeas relief to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy,* 690 F.3d 811, 814 (7th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). The Supreme Court has repeatedly emphasized that the Section 2254(d) standard "is intentionally

'difficult to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014); *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)).

In addition to the requirement for timely filing under the AEDPA, a habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Bolton v. Akpore*, 730 F.3d 685, 694-696 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Perkins must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c).

If Petitioner has pursued his state-court remedies to exhaustion, the claims may nevertheless be barred by procedural default. *See Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.* A fairly presented claim "must place before the state court both the controlling law and the operative facts in a manner such that the state court was

sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve the issue on that basis." *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (internal quotation marks omitted). A petitioner may be excused from procedural default only "if the petitioner can show both cause for and prejudice from the default or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Bolton*, 730 F.3d at 696.

Respondent does not argue that Perkins failed to satisfy these procedural hurdles, so the Court will focus on the merits of Perkins's petition.

## ANALYSIS

Perkins's § 2254 Petition alleges one claim only—that his state sentence violated the one-act, one-crime rule because he was convicted of multiple enhancements stemming from the possession of one gun. (*See* Docs. 12, 26). Respondent argues that Perkins's claim is not cognizable in a § 2254 petition. (*See* Doc. 24).

A prisoner in state custody may only obtain a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, habeas corpus relief is not available on a claim that the petitioner's custody violates state law. Perkins's claim rests on the one act-one crime principle, which is a rule of construction created by Illinois courts. *See Young v. Varga*, 2017 WL 386655, at *4 (N.D. Ill. Jan. 27, 2017); *King v. Cahill-Masching*, 169 F. Supp. 2d 849, 854–55 (N.D. Ill. 2001). It is well settled, however, that an error of state law is not a violation of the federal Due Process

Clause. *See Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988). Because the one act-one crime rule is a rule of Illinois state law and not a federal law, its violation is not cognizable on habeas review. *King*, 169 F. Supp. 2d at 855. Accordingly, Perkins's petition for a writ of habeas corpus is denied.

## CONCLUSION

For the reasons set forth above, Antonio Perkins's Amended Petition for Writ of Habeas Corpus Sentence filed pursuant to 28 U.S.C. § 2254 (Doc. 12) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Perkins has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  October 1, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
